**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ernest DIMARIO and Robert Bryan Middleton, Defendants-Appellants.**

Nos. 72-1296, 72-1297.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 17, 1972.

Decided Feb. 2, 1973.

Certiorari Denied May 21, 1973. See 93 S.Ct. 2298.

J. Gregory Wehrman, Covington, Ky., Court-appointed, on brief for Ernest Dimario.

Jessel A. Moore, Covington, Ky., Court-appointed, on brief for Robert Bryan Middleton.

Eugene E. Siler, Jr., U. S. Atty., for plaintiff-appellee; Robert M. Murphy, Asst. U. S. Atty., Lexington, Ky., on brief.

Before WEICK, EDWARDS and KENT, Circuit Judges.

PER CURIAM.

These are appeals from convictions for violation of Title 18 U.S.C. § 1955, which

makes it illegal for any individual to conduct, finance, manage, supervise, direct or own an illegal gambling business. The appeals present the same issues, first, whether the trial court erred in failing to direct a verdict because of the Government's failure to establish that the "illegal gambling business" remained in substantially continuous operation for a period in excess of 30 days, or had a gross revenue of $2,000 in any single day, and, second, the constitutionality of Title 18 U.S.C. § 1955(c).[1] We take the issues in inverse order.

■ There can be no question that Congress has the power to provide in a criminal statute that proof of one fact shall constitute presumptive or prima facie evidence of another. The requirement of a rational connection between the fact proved and the fact presumed was the crucial due process test established in Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943). Also see Leary v. United States, 395 U.S. 6, 36, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969); United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965); Perez v. United States, 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971). The extensive hearings before the Subcommittee on Criminal Laws and Procedures of the Senate Committee on the Judiciary, 91 Congress, 1st Session, on S. 30 and other bills which culminated in the Organized Crime Control Act of 1970 clearly reveal that "in most or all" of the cases involving raids of gambling establishments, the records seized reflected revenues of these establishments to be "better than $2,000 a day." Report of the Senate Committee on the Judiciary, S.R. 91–617, page 400. From these and other available statistics indicating revenues received by such gambling businesses, the Congress could reasonably conclude that a gambling operation with five or more participants doing business for two consecutive days would reap at least $2,000 in revenues in a single day. See 116 Cong.Rec. 603–604. We conclude that this is a permissible inference.

■ Section 1955(c) does not create an irrebuttable presumption that if five or more persons are conducting the business condemned and such business operates for two or more successive days that probable cause is established. The appellants were at liberty to rebut the presumption but failed to do so. The Senate Committee Report on the Act specifically states that the term "conduct" refers to both "high level bosses and street level employees." It is for the jury to determine whether these appellants were a part of the group which was conducting the illegal gambling business. We find no merit in the contention that the statute in question is unconstitutional.

The other contention is that there was insufficient proof to establish that the illegal gambling business was in "substantially continuous operation" for a period in excess of 30 days or more.

■ Numerous witnesses were called to the stand by the Government to testify about the nature of the gambling operation. Except for the date of the raid and in the testimony of Special Agent Eilers few if any dates were given, although some of the witnesses testified that they were in the gambling premises every day or almost every day. Special Agent Eilers testified as to the period covered by the indictment, October 21, 1970, to and including November 27, 1970, and gave the date of each occasion when he was on the premises. He was in the gambling room twice a week dur-

---

1. "If five or more persons conduct, finance, manage, supervise, direct, or own all or part of a gambling business and such business operates for two or more successive days, then, for the purpose of obtaining warrants for arrests, intercep- tions, and other searches and seizures, probable cause that the business receives gross revenue in excess of $2,000 in any single day shall be deemed to have been established."

ing the period in question and occasionally on successive days. Clearly, on this record, any jury would be justified in concluding that this illegal gambling business was "in substantially continuous operation for a period in excess of 30 days." We find no merit in the contentions of the appellants.

The judgments are affirmed.